UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | **FINAL ORDER OF FORFEITURE** |
| -v.- | S3 21 Cr. 247 (PAE) |
| ALVIN MAXWELL, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about April 11, 2022, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 132) (the "Preliminary Order of Forfeiture"), which ordered the forfeiture to the United States of all right, title and interest of ALVIN MAXWELL (the "Defendant") in the following property:

a. $62,162.04 in United States currency formerly on deposit in J.P. Morgan Chase Bank Account No. 527268095 held in the name of Alvin Emile Maxwell DBA Big Shot and seized on or about June 21, 2021;

b. $179,437.72 in United States currency formerly on deposit in Fifth Third Bank Account No. 7933474657 held in the name of R and L Arcade Inc. and seized on or about June 21, 2021;

c. $209,180.25 in United States currency formerly on deposit in Wells Fargo Bank Account No. 7889836149, held in the name of WPA Green Inc. and seized on or about June 21, 2021; and

d. $410,095.62 in United States currency formerly on deposit in Bank of America Account No. 381058902811 held in the name of Oumou Bary LLC and seized on or about June 21, 2021;

(a. through d. collectively, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in

accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 14, 2022, for thirty (30) consecutive days, through June 12, 2022, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on October 21, 2022 (D.E. 184);

WHEREAS, on or about May 10, 2022, Notice of the Preliminary Order of Forfeiture was sent by Certified Mail to:

    i. Oumou Barry
       c/o Joel Silberman Esq.
       26 Journal Square, Suite 300
       Jersey City, New Jersey 07306

    ii. WPA Green Inc.
       Chief Executive Officer Peggy Thiel
       c/o Touchton & Weinberger LLP
       800 Wilshire Blvd., Suite 1050
       Los Angeles, California 90017
       Attention: Melissa Weinberger, Esq.

      iii.  Pamela Lynn Bullock
c/o Meredith Brewer
Dysart Willis
530 Hillsborough Street, Suite 200
Raleigh, North Carolina 27603

(collectively, the "Noticed Parties");

WHEREAS, the Defendant and the Noticed Parties are the only people and/or entities known by the Government to have a potential interest in the Specific Property;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.    Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

The Clerk of Court is requested to terminate the motion at Dkt. No. 185.

Dated: New York, New York
December 5, 2022

SO ORDERED:

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE